MARY A. COLLINS *vs.* ROBERT F. CARROLL, Exr.

FEBRUARY 25, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *New Trial. Verdict Approved by Trial Justice.*

Evidence considered, and *held,* that case was submitted to jury under suitable instructions, and, there being nothing to indicate an exception to the rule adopted in *Wilcox* v. *R. I. Co.,* 29 R. I. 292, the verdict, approved by the justice presiding at the trial, ought not to be disturbed.

PER CURIAM. This is an action of assumpsit, whereby the plaintiff seeks to recover the value of her personal services, rendered to Ellen Dailey during a period covering several years, in the latter portion of her lifetime, from the executor of her will. The amount of the claim, duly filed by the plaintiff in the Municipal Court, against the estate of Ellen Dailey, was $850; but upon trial, the jury found for the plaintiff in the sum of $600.

A majority of the court are of the opinion that the case was properly submitted to the jury under suitable instructions and that their verdict, approved by the justice who presided at the trial, ought not to be disturbed.

There is nothing to indicate that this case constitutes an exception to the general rule indicated in *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292.

The case is remitted to the Superior Court, with direction to enter judgment on the verdict.

BLODGETT, J., dissenting. In *Spencer* v. *Spencer,* 26 R. I. 237, this court said, in quoting with approval from *Shakespeare* v. *Markham,* 72 N. Y. 400, that "contracts claimed to have been entered into with aged or infirm persons, to be enforced after death to the detriment and the disinheriting of lawful heirs, who otherwise would be entitled to their estates, are properly regarded with grave suspicion by courts of justice, and should be closely scrutinized, and only allowed to stand when established by the strongest evidence." The record in the

case at bar fails to sustain this test. The plaintiff has no book of account, can name no dates, can not tell specific items of service, nor even when the alleged services began or were rendered. No statement of their value anywhere appears in the evidence, and their value can not be computed upon this record and is purely a matter of speculation. There is a voluble and reiterated statement by the plaintiff that the testatrix promised to give her two lots of land, after her death, which it is undisputed that she sold nearly a year before her death, to the plaintiff's knowledge, and for a sum which the plaintiff's counsel admits on his brief " was not brought out in evidence." With reference to the lots of land the plaintiff says, in cross-examination: "Well, those lots I settled on, it was between me and Mrs. Dailey (the testatrix). If Mrs. Dailey had lived fifteen years longer, I didn't want anything only those lots were to be mine, or the value of them." It is obvious that such an alleged agreement is substantially an agreement to make a will in favor of the plaintiff in this respect and is not an agreement entitling a recovery as upon a *quantum meruit*. Upon being further interrogated, the plaintiff then shifts her claim to the amount for which the land was sold, and this contention is further repudiated by the fact that the testatrix made other disposition of this fund by her will and gave the plaintiff nothing therein. Even if the evidence of two witnesses should be disregarded, who testify that the plaintiff stated to them that she had no claim against the estate of the testatrix, it is nevertheless true that during this indefinite period of about twelve years for which she seeks to recover, she was at no time a member of the family of the testatrix, or lived with her, but resided in another house and had a household of her own to care for, consisting of a husband and four small children, and that at no time in the lifetime of the testatrix did she ever render her any bill or receive any payment from her on account of these services.

Were this case a close one upon the evidence, the finding of the jury, confirmed as above by the action of the trial judge, would not, of course, be disturbed by this court, under the general rule heretofore announced. But in a case of this nature,

which, on grounds of public policy, requires proof almost as convincing as the absence of a reasonable doubt, which is required in a criminal case, it is evident from the negative and qualified language of the trial judge in his denial of a motion for a new trial, viz., that "It is not clear that the jury were not warranted in returning a verdict for the plaintiff, nor that the amount awarded is excessive," that he, doubtless through inadvertence, has not tested the evidence in this case by the requirement heretofore laid down *supra;* that is to say, that such an alleged contract is "properly regarded with grave suspicion by courts of justice and should be closely scrutinized, and only allowed to stand when established by the strongest evidence."

I am accordingly of the opinion that the verdict should be set aside and a new trial ordered.

*Doran & Flanagan,* for plaintiff.

*Hugh J. Carroll,* for defendant.